UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

MAR - 7 2022

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| HANNAH MAGIERA,<br><br>                      Plaintiff,<br><br>v.<br><br>A GUERRA ENTERPRISE LLC d/b/a<br>HOLIDAY INN EXPRESS & SUITES,<br><br>and NEFTALI VICTOR-BRENES,<br><br>                      Defendants. | CIVIL ACTION NUMBER:<br><br>**SA22CA0223JKP**<br><br>**ORIGINAL COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW the Plaintiff, Hannah Magiera, by and through the undersigned counsel, and respectfully submits her complaint for damages and makes the following averments.

### A. PARTIES

1. Plaintiff, Hannah Magiera, is an individual who is a citizen of the State of Wisconsin.

2. Defendant, A Guerra Enterprise LLC d/b/a Holiday Inn Express & Suites ("Holiday Inn"), a limited-liability company, is a citizen of the State of Texas, as each member is a citizen of the State of Texas. Holiday Inn may be served with process by serving its registered agent, Ruth Guerra, at 3401 County Road 239, Gonzales, Texas 78629.

3. Defendant, Neftali Victor-Brenes ("Victor"), an individual and a citizen of the State of Texas, may be served with process at 7005 Laurelhill Ct. N., Fort Worth, Texas 76133.

### B. JURISDICTION

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy

**Plaintiff's Original Complaint**                                                                                                                           **1**

exceeds $75,000, excluding interest and costs.

5. Plaintiff is a citizen of the State of Wisconsin, and Defendants are citizens of the State of Texas.

## C. VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

7. The negligence and intrusion by Defendants occurred at the Holiday Inn in question, located at 126 Middle Buster Rd., Gonzales, Texas 78629.

## D. CONDITIONS PRECEDENT

8. All conditions precedent have been performed or have occurred.

## E. FACTS

9. On January 24, 2022, Plaintiff, Hannah Magiera, traveled from her home in Milwaukee, Wisconsin, to Gonzales, Texas for work.

10. Ms. Magiera and two colleagues stayed at the Holiday Inn Express & Suites, a franchised hotel operated by the Guerra family through A Guerra Enterprise LLC.

11. On January 26, 2022, Ms. Magiera walked to a nearby restaurant called GG Steaks & Spirits, which is also owned and operated by the Guerra family through a different LLC. Ms. Magiera sat alone at the bar, where she ordered food and drinks.

12. Shortly thereafter, two men arrived and asked if they could sit down next to her. One of the men was Defendant Victor. Ms. Magiera spoke to Victor, who was very friendly.

13. When Ms. Magiera said that she was going to walk back to her hotel, Victor offered to escort her. When the two arrived at the front of the hotel, Victor tried to kiss Ms. Magiera, but she moved her head away. Ms. Magiera said goodbye, then entered the hotel lobby and went

upstairs to her room alone. She called and spoke to her boyfriend to let him know she had arrived safely at her room.

14. In the middle of the night, Ms. Magiera woke up and saw a dark object near the foot of her bed. She jumped up, swung at the object, and hit something with her hand. She ran back toward the nightstand and turned on the lamp. She then saw Victor crouched near her bed with his pants undone.

15. Ms. Magiera yelled at him, asking how he got into her room and telling him to get out. Victor zipped up his pants, picked up what appeared to be a gold condom wrapper off the floor, and quickly left the room. Ms. Magiera immediately called her boyfriend, who told her to call the hotel front desk.

16. When Ms. Magiera called the front desk, a male employee admitted he gave Victor a key to her room. The hotel employee said Victor introduced himself as "Mike" and told the hotel employee that he knew Ms. Magiera. The hotel employee said he gave Victor a key to Ms. Magiera's room because Victor "seemed like a nice guy." Ms. Magiera informed the hotel employee that Victor was not her guest and that he had let a predator into her room.

17. Feeling unsafe that Victor had a key to her room, Ms. Magiera called her two colleagues, informed them of the situation, and asked if she could stay in one of their rooms. When she returned to her room that morning at 6:30 A.M., her key was no longer active.

18. During checkout at approximately 9:00 A.M., the General Manager, Alison Rodriquez, apologized to Ms. Magiera and explained that her staff was not permitted to give out any guest information—let alone a room key. The General Manager stated that the hotel employee who issued the key to Victor would face consequences.

19. The same day, Ms. Magiera went to the Gonzales police station and filed a report.

20. Since this incident, Ms. Magiera has experienced significant mental anguish, including, but not limited to, anxiety, stress, difficulty sleeping, and fearfulness. Within days of this incident, Ms. Magiera contacted a therapist to help her manage these symptoms.

21. Defendant Holiday Inn's negligence in issuing a key to a non-guest permitted Defendant Victor to intrude into Ms. Magiera's hotel room, causing her severe mental anguish.

### F. COUNT 1 – NEGLIGENCE OF HOLIDAY INN

22. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

23. Defendant A Guerra Enterprise LLC d/b/a Holiday Inn Express & Suites ("Holiday Inn"), through their management of the hotel in which Plaintiff stayed, owed Plaintiff a duty of ordinary care—that is, a duty to act as a hotel of ordinary prudence would act in the same or similar circumstances.

24. On the night in question, Holiday Inn, by and through its respective agents, failed to exercise ordinary care concerning the care and treatment provided to Plaintiff.

25. Holiday Inn breached its duty of care to Plaintiff in multiple ways, including, but not limited to:

   a. Providing a key to Plaintiff's room to a non-guest without Plaintiff's knowledge or permission;

   b. Failing to check Victor's identification;

   c. Failing to determine if Victor was a registered guest or a guest of Plaintiff;

   d. Failing to notify Plaintiff that someone was requesting a key to her room;

   e. Failing to formulate and/or enforce adequate safety procedures;

   f. Failing to adequately train its staff; and

   g. Failing to adequately supervise its staff.

26. The negligence described above was committed by employees of Holiday Inn who

were acting within the scope of their employment—that is, they were acting within Holiday Inn's general authority, in furtherance of Holiday Inn's business, and for the accomplishment of the objective for which the employees were hired. Therefore, the doctrine of respondeat superior applies to the acts committed by Holiday Inn's employees involved in the incident made the basis of this lawsuit.

27. Holiday Inn's negligence was a proximate cause of Plaintiff's injuries. But for Holiday Inn's negligence in issuing a key to a non-guest, Victor would not have intruded into Plaintiff's room and caused her the severe mental anguish she continues to suffer today. It is foreseeable to a hotel exercising ordinary care that issuing keys to non-guests may result in an intrusion, threat to safety, and severe mental anguish—just as Plaintiff suffered.

28. Plaintiff's mental anguish is compensable, as it is the foreseeable result of a breach of duty arising out of the special relationship between a hotel and its guests.

### G. COUNT 2 – NEGLIGENT UNDERTAKING

29. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

30. To the extent Holiday Inn argues that it does not owe a common law duty to Plaintiff, she asserts a cause of action for negligent undertaking.

31. When Holiday Inn considered issuing a key to Plaintiff's room to Victor, it undertook to perform services that it knew or should have known were necessary for Plaintiff's protection.

32. Holiday Inn failed to exercise reasonable care in performing those services, including, but not limited to, the following ways:

    a. Providing a key to Plaintiff's room to a non-guest without Plaintiff's knowledge or permission;

    b. Failing to check Victor's identification;

c. Failing to determine if Victor was a registered guest or a guest of Plaintiff; and

d. Failing to notify Plaintiff that someone was requesting a key to her room.

33. Holiday Inn's performance of those services increased Plaintiff's risk of harm by permitting Victor, a non-guest, entry to her room without her knowledge or permission.

34. Holiday Inn's negligent undertaking was a proximate cause of Plaintiff's injuries. But for Holiday Inn's negligence in issuing a key to a non-guest, Victor would not have intruded into Plaintiff's room and caused her the severe mental anguish she continues to suffer today. It is foreseeable to a hotel exercising ordinary care that issuing keys to non-guests may result in an intrusion, threat to safety, and severe mental anguish—just as Plaintiff suffered.

35. Plaintiff's mental anguish is compensable, as it is the foreseeable result of a breach of duty arising out of the special relationship between a hotel and its guests.

### H. COUNT 3 – ASSISTING AND PARTICIPATING OF HOLIDAY INN

36. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

37. Holiday Inn assisted and participated with Victor in the commission of a tort, and therefore under the doctrine of assisting and participating, are jointly liable with Victor for the resulting injury to Plaintiff.

38. Victor committed a tort when he intruded into Plaintiff's room.

39. By issuing a key to Plaintiff's room to Victor (without Plaintiff's knowledge or permission), Holiday Inn provided substantial assistance to Victor in accomplishing the tort.

40. As outlined in the preceding causes of action, Holiday Inn's own conduct, separate from Victor's, was a breach of duty to Plaintiff.

41. Holiday Inn's own actions and participation in the tort were a substantial factor in causing the tort, as Victor could not have intruded into the room without a key.

42. Holiday Inn's assisting and participating was a proximate cause of Plaintiff's severe mental anguish, which was the foreseeable result of such assisting and participating.

### I. COUNT 4 – GROSS NEGLIGENCE OF HOLIDAY INN

43. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

44. Plaintiff seeks exemplary damages under Tex. Civ. Prac. & Rem. Code §§ 41.001 *et seq.*, as Holiday Inn's conduct amounts to gross negligence. Holiday Inn's acts and omissions, when viewed from its standpoint, involved an extreme degree of risk to Plaintiff, considering the probability and magnitude of potential harm to Plaintiff.

45. Holiday Inn's conduct constitutes gross negligence, as it had actual, subjective awareness of the risk involved in:

   a. Providing a key to Plaintiff's room to a non-guest without Plaintiff's knowledge or permission;

   b. Failing to check Victor's identification;

   c. Failing to determine if Victor was a registered guest or a guest of Plaintiff;

   d. Failing to notify Plaintiff that someone was requesting a key to her room;

   e. Failing to formulate and/or enforce adequate safety procedures;

   f. Failing to adequately train its staff; and

   g. Failing to adequately supervise its staff.

Holiday Inn nevertheless proceeded to do so with conscious indifference to the rights, safety, and welfare of Plaintiff.

46. The gross negligence described above was committed by employees of Holiday Inn who were acting within the scope of their employment—that is, they were acting within Holiday Inn's general authority, in furtherance of Holiday Inn's business, and for the accomplishment of the objective for which the employees were hired. Therefore, the doctrine of respondeat superior

applies to the acts committed by Holiday Inn's employees involved in the incident made the basis of this lawsuit.

47. Holiday Inn's gross negligence was a proximate cause of Plaintiff's injuries. But for Holiday Inn's gross negligence in issuing a key to a non-guest, Victor would not have intruded into Plaintiff's room and caused her the severe mental anguish she continues to suffer today. It is foreseeable to a hotel exercising ordinary care that issuing keys to non-guests may result in an intrusion, threat to safety, and severe mental anguish—just as Plaintiff suffered.

48. Plaintiff's mental anguish is compensable, as it is the foreseeable result of a breach of duty arising out of the special relationship between a hotel and its guests.

### J. COUNT 5 – INTRUSION BY VICTOR

49. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

50. Defendant Neftali Victor-Brenes ("Victor") intentionally intruded into Plaintiff's solitude, seclusion, or private affairs or concerns when he obtained a key to and entered her hotel room without her knowledge or permission.

51. Victor's intrusion, in which he entered Plaintiff's hotel room while she was sleeping, would be highly offensive to a reasonable person.

52. Victor's intrusion was a proximate cause of Plaintiff's severe mental anguish and was the foreseeable result of such intrusion.

### K. DAMAGES

53. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

   a. Medical expenses in the past and future;

   b. Mental anguish in the past and future;

c. Loss of earning capacity in the past and future; and

d. Exemplary damages.

## L. JURY DEMAND

54. Plaintiff demands a jury trial and tenders the appropriate fee with this Complaint.

## M. PRAYER

55. For these reasons, Plaintiff asks for judgment against Defendants for the following:

a. Actual damages;

b. Prejudgment and post-judgment interest;

c. Costs of suit; and

d. All other relief the Court deems appropriate.

Respectfully submitted,

BLIZZARD LAW, PLLC

*/s/ Anna Greenberg*

Edward Blizzard (Fed. Bar #6325)
Anna Greenberg (Fed. Bar #3006378)
5020 Montrose Blvd., Suite 410
Houston, TX 77006
T: (713) 844-3750
F: (713) 844-3755
E: Eblizzard@blizzardlaw.com
E: Agreenberg@blizzardlaw.com

**ATTORNEYS FOR PLAINTIFF**